UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA INES CARBONELL,<br><br>                          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>                         Defendant. | Case No.: 3:17-CV-64-CAB-BLM<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>[Doc. Nos. 16-19] |

      This matter is before the Court on a motion to dismiss filed by Defendants TERM a/k/a Treatment and Evaluation Resource Management, Optum Health Holdings, LLC ("Optum"), Radmila West, and LeAnn Skimming (collectively, the "TERM Defendants"), and a motion to dismiss filed by Defendants the County of San Diego (the "County"), and Sara Maltzman (together, the "County Defendants").[1] The motions have been fully briefed and the Court deems them suitable for submission without oral argument. For the following reasons, the motions are granted as to Plaintiff's federal claims, and in the absence of those claims, the Court declines to exercise supplemental jurisdiction over the state law claims.

---

[1] Both sets of defendants have also filed motions to strike which have become moot in light of the Court's decision on the motions to dismiss.

## I. Allegations in the First Amended Complaint ("FAC")

Plaintiff Sonia Ines Carbonell is a clinical and cultural psychologist who assisted "indigent, not original Spanish-speaking parents and family in dealing with the juvenile court and other legal systems in San Diego County." [Doc. No. 10 at ¶ 6.] In 2008, Carbonell contracted with Defendant Optum (formerly known as United Behavioral Health) to provide these services. [Doc. No. 10-1.] The contract stated Carbonell was an independent contractor [Doc. No. 18-2 at 8], and that Optum was acting as the administrative services organization for the County of San Diego Behavioral Health Services. [Doc. No. 10-1 at 3.] Pursuant to this contract with Optum, Carbonell would provide services to children and adults in the Child Welfare Services ("CWS") system or the Juvenile Probation Services system referred to her through TERM [*Id.* at 18-20; Doc. No. 10 at ¶ 7], which is a "mental health program developed under the direction of the Board of Supervisors and operated by the Health and Human Services Agency (HHSA), County of San Diego." [Doc. No. 10 at ¶ 1; Doc. No. 18-2 at 7.]

The FAC alleges that:

> TERM, Optum (named Defendant doctors) and various County of San Diego agencies, including the [HHSA], [CWS], were engaged in a conspiracy to subvert psychologists retained and paid by state and federal funding to change their honest, legitimate opinions based on their training, experience, and credentials in order to a) punish families that would not believe false accusations of sexual abuse by a family member; b) provide a false cover for criminal acts also amounting to civil wrongs by County of San Diego employees, primarily social workers, but including criminally and civilly culpable foster family parents (not County of San Diego employees), every and all to the detriment of the families unfortunate to be devoured and damaged when in their clutches.

[Doc. No. 10 at ¶ 9.]

The thirty-seven page FAC frequently repeats these conclusions and asserts several others, but it alleges few facts. In general, Carbonell appears to allege that Optum terminated her contract and prohibited her from providing additional services to TERM clients because of testimony that she provided in juvenile dependency hearings that

2

Defendants did not like. The FAC, which Carbonell filed after her original complaint was removed from state court based on federal question jurisdiction, asserts five state law claims and three claims under federal law: (1) "Violation of 42 U.S.C. § 1983"; (2) "Violation of Title VI of the Civil Rights Act of 1964"; and (3) "Violation of 42 U.S.C. § 1981 et seq."

The TERM Defendants now move to dismiss all claims against each TERM defendant for failure to state a claim. The County Defendants move to dismiss only the three federal claims, while separately moving to strike the state law claims.

## II. Legal Standards

The familiar standards apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## III. Discussion

The FAC is confusing and conclusory, and because it focuses on alleged wrongdoing within the San Diego County child welfare system to the detriment of the families involved in that system, it is difficult to discern how *Plaintiff* was deprived of any rights provided

by the Constitution or federal law or otherwise suffered an injury sufficient to give her standing to assert a federal claim. Plaintiff's opposition briefs, which consist almost entirely of block quotes pasted from cases and from the FAC with no analysis or argument specific to Plaintiff's claims, shed little light on Plaintiff's federal claims and why they should survive dismissal. As best as the Court can discern, Plaintiff claims that she was not retained as an independent contractor by Optum and has had been unable to perform work for TERM clients based on her testimony at dependency hearings. That Plaintiff's contract was terminated and/or breached is insufficient without more to establish the deprivation of a Constitutional or federal right as required to state a claim under 42 U.S.C. § 1983, to assert a claim under Title VI of the Civil Rights Act, or to assert a claim under 42 U.S.C. § 1981. The Court declines to guess at possible factual allegations that would support these claims. The lack of clarity and absence of fact allegations in the FAC alone requires dismissal of these federal claims. Additional deficiencies specific to each claim are discussed below.

### A. 42 U.S.C. § 1983

The FAC repeatedly refers to violations of 42 U.S.C. § 1983. However, "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140. Both motions to dismiss argue that the FAC does not allege a deprivation of any such right.[2]

---

[2] The TERM Defendants also argue that as private parties not acting under color of law, they cannot be held liable under section 1983. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party when "he is a willful participant in joint action with the State or its agents.") (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *see also United States v. Price,* 383 U.S. 787, 794 (1966) ("To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents."). However, because the Court agrees that the FAC does not allege

The FAC alleges that this action is "brought under 42 U.S.C. § 1983 to recover damages against defendants for violation of Plaintiff's constitutional rights to engage in a state regulated profession, right to be free of retaliation for refusal to break the law, violation of her license, violation of the constitutional rights of those entrusted to her, guaranteed by the 1st 4th 5th 9th and 14th Amendments to the United States Constitution." [Doc. No. 10 at ¶ 70.] In her opposition to the County Defendants' motion, meanwhile, Plaintiff argues that she is suing for civil rights violations committed against her. [Doc. No. 23 at 5.] In support of this argument, Plaintiff cites to allegations in the FAC that Defendants fired her in retaliation for testifying "under oath that Defendants in a civil matter were in the wrong and had pressured her to lie." [Doc. No. 10 at ¶ 14.; *see also* ¶¶ 28, 29.]

The FAC, however, does not allege *facts* that would support her conclusion that she has been deprived of rights guaranteed by the Constitution or federal law.³ Moreover, she must make allegations specific to each Defendant that would make that Defendant liable under section 1983. Further, the FAC must allege which rights were allegedly violated. Plaintiff lacks standing to assert a § 1983 claim based on violations of the rights of others. *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 479 (9th Cir. 1998) ("With no alleged violation of their own rights and no standing to assert the rights of others, the [plaintiffs] have no claim under § 1983."); *see also Kowalski v. Tesmer,* 543 U.S. 125, 129 (2004) ("We have adhered to the rule that a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Merely listing amendments to the Constitution like Plaintiff does in the FAC is not sufficient to state a section 1983 claim, even if a state actor is involved.

---

deprivation of a right secured by the Constitution or a law of the United States, the Court need not address whether the TERM Defendants can be held liable under section 1983.

³ Section 1983 does not provide a cause of action for violations of state law. *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

To the extent Plaintiff intends to allege that Defendants alleged retaliatory termination of her independent contractor agreement deprived her of a right guaranteed to her by the First Amendment, she must at least satisfy the requirements the Ninth Circuit has articulated for First Amendment retaliation cases involving public employees:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Here, the FAC does not contain sufficient allegations to state a plausible claim that her First Amendment rights were violated. To the contrary, the FAC indicates that the alleged retaliation related to her "assessment and treatment of Child Welfare clients," her testimony as a fact and expert witness, her "refusal to alter her professional opinions," and her "involvement in legal [sic] and professionally protected activities, testifying and providing mental health services for Latinos. . . ." [Doc. No. 10 at ¶¶ 3, 19, 29.] Based on these allegations, it appears that any speech in question here was in the course of Plaintiff's job duties, and not speech as a private citizen, meaning that her claim does not satisfy the second requirement. Moreover, the FAC does not identify what exactly Plaintiff said, but the above allegations imply that the matters on which Plaintiff spoke were specific to particular cases within the dependency system, and were not matters of public concern. Accordingly, the FAC does not allege facts stating a section 1983 claim predicated on the deprivation of a First Amendment right.

Nor does the FAC allege facts that state a section 1983 claim based on the deprivation of a Fourteenth Amendment right. Section 1983 "provides a cause of action for the violation under color of law of property or liberty interests protected by the Fourteenth Amendment." *Picht v. Peoria Unified Sch. Dist. No. 11 of Maricopa Cty.*, 641 F. Supp. 2d 888, 893 (D. Ariz. 2009); *see also Guatay Christian Fellowship v. Cty. of San*

*Diego*, 670 F.3d 957, 983 (9th Cir. 2011) ("To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.") (internal quotation marks and brackets omitted). However, "the mere fact of an independent contractor relationship with the state is insufficient, on its own, to create a constitutionally protected property interest." *Blantz v. California Dept. of Corr. & Rehab.*, 727 F.3d 917, 924 (9th Cir. 2013). The FAC contains no allegations other than that Plaintiff had a contract that made her an independent contractor with Optum. This allegation is not sufficient to create a constitutionally protected property interest in having Defendants continue to refer her clients through TERM. *Cf. Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) ("[A] mere expectation that employment will continue does not create a property interest."). If Plaintiff chooses to amend her complaint to assert a claim based on the deprivation of a property interest without due process, she must allege facts that would support the existence of such a property interest in the continued referral of clients through TERM. That Optum breached a contract with Plaintiff is not sufficient, without more, to state a section 1983 claim.

The FAC also does not allege facts demonstrating that any Defendants deprived Plaintiff of a constitutionally protected liberty interest. "A public employer can violate an employee's rights by terminating the employee if in so doing, the employer makes a charge that might seriously damage the terminated employee's standing and associations in his community or imposes on a terminated employee a stigma or other disability that forecloses his freedom to take advantage of other opportunities." *Blantz*, 727 F.3d at 925 (quotation marks, brackets, and citation omitted). However, "the liberty interests protected by the Fourteenth Amendment are implicated only when the government's stigmatizing statements effectively exclude the employee completely from her chosen profession. Stigmatizing statements that merely cause reduced economic returns and diminished prestige, but not permanent exclusion from, or protracted interruption of, gainful

employment within the trade or profession do not constitute a deprivation of liberty." *Id.* (internal quotation marks omitted).

Here, the FAC alleges injury to Plaintiff's "reputation and potential capacity to continue providing services to underserved populations with protective issues and Juvenile Probation" and that Defendants recommended that "Plaintiff remain <u>off</u> the TERM network and <u>to [sic] be barred from working with child welfare services or child probation referral regardless of funding source</u>." [Doc. No. 10 at ¶ 19 (<u>emphasis</u> in original).] Thus, regardless of whether an independent contractor has the same liberty interests as an employee,[4] Plaintiff "has not alleged that she has been unable to find work as a [psychologist], only that she has been unable to obtain work with [TERM or HHSA]. Because [Plaintiff's] liberty interest is in her profession as a [psychologist], not her placement with a particular employer, this allegation is insufficient to trigger the due process protections of the Fourteenth Amendment." *Blantz*, 727 F.3d at 926.

The FAC also does not state a section 1983 claim based on the deprivation of a Fourth Amendment right. The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV. "[A] person is protected by the Fourth Amendment when he or she has 'a subjective expectation of privacy and . . . the expectation [is] one that society is prepared to recognize as reasonable." *Richards v. Cty. of Los Angeles*, 775 F. Supp. 2d 1176, 1182 (C.D. Cal. 2011) (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)). Here, the FAC contains no allegations of any searches or seizures by Defendants or any other facts that could be construed as a violation of Plaintiff's reasonable expectation of privacy.

Finally, Plaintiff is also unable to assert a section 1983 claim based on the due process protections of the Fifth Amendment or on the Ninth Amendment. "[T]he Fifth

---

[4] *See Blantz*, 727 F.3d at 923 (noting that the plaintiff's status as an independent contractor was a "key distinction" from cases involving the property or liberty interests of public employees).

Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). The federal government is not a defendant here. Meanwhile, the Ninth Amendment is "*not* a source of rights as such; it is simply a rule about how to read the Constitution." *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir.1996) (quoting Laurence H. Tribe, *American Constitutional Law* 776 n. 14 (2d ed. 1988)) (emphasis in original). Accordingly, a section 1983 claim cannot be predicated on a violation of a Ninth Amendment right. *Preskar v. United States,* 248 F.R.D. 576, 586 (E.D. Cal. 2008) (recommending that section 1983 claims predicated on a violation of the Ninth Amendment should fail because "[t]he Ninth Amendment does not independently create a constitutional right for purposes of stating a claim").

In sum, the absence of *fact* allegations supporting a claim that Plaintiff's federal or Constitutional rights were violated is fatal to Plaintiff's claim under section 1983. Accordingly, the motions to dismiss are granted as to the section 1983 claim.

### B. Title VI of Civil Rights Act

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. This "prohibition extends to discrimination in employment by programs or activities that receive federal funding; however, covered entities can only be sued for employment discrimination 'where a primary objective of the Federal financial assistance [to that program or activity] is to provide employment.'" *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1531 (10th Cir. 1995) (quoting 42 U.S.C. § 2000d-3); *see also Temengil v. Trust Territory of Pac. Islands*, 881 F.2d 647, 653 (9th Cir. 1989) (affirming dismissal of Title VI claim based on alleged employment discrimination against Micronesian government). Thus, "Title VI does not provide a judicial remedy for employment discrimination by institutions receiving federal funds unless (1) providing employment is a primary objective of the federal aid, or (2) discrimination in employment necessarily causes discrimination against the primary beneficiaries of the federal aid."

*Ahern v. Bd. of Educ. of City of Chicago*, 133 F.3d 975, 978 (7th Cir. 1998) (quoting *Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87, 89 (4th Cir. 1978)).

Here, as discussed below in connection with the section 1981 claim, the FAC lacks any factual allegations supporting any discrimination by Defendants. Moreover, even if there were such allegations, the Title VI claim fails because there is no allegation that the primary objective of whatever federal financial assistance was received by any of the Defendants was to provide employment. Assuming that Plaintiff could allege and prove facts that would support a claim that Defendants discriminated against her on account of her Hispanic origin, Title VII regulates such discrimination. *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 632 n.13 (1984) (contrasting Title VI with Title IX and Rehabilitation Act because, "[a]s the Court of Appeals observed, it was unnecessary to extend Title VI more generally to ban employment discrimination, as Title VII comprehensively regulates such discrimination"); *see also Regents of Univ. of California v. Bakke,* 438 U.S. 265, 413 n.11 (1978) (Stevens, J, concurring in part and dissenting in part) (noting that "the immediate object of Title VI was to prevent federal funding of segregated facilities," and that "Congress responded to the problem of employment discrimination by enacting a provision that protects all races," referring to Title VII). Accordingly, the FAC does not state a claim under Title VI.

### C. 42 U.S.C. § 1981

Section 1981 "declares that all persons 'shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2529 (2013) (quoting *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 445 (2008)). This statute "encompasses a complaint of retaliation against a person who has complained about a violation of another person's contract-related 'right.'" *Humphries*, 553 U.S. at 445. Here, the FAC appears to claim both that Defendants discriminated against Plaintiff directly on account of her Hispanic origin, and also that they retaliated against her. Yet, the FAC does not contain any factual allegations plausibly asserting these claims.

As for the claim that Defendants discriminated against Plaintiff on account of her Hispanic origin, there are no facts alleged that would plausibly suggest that Defendants took any actions because of Plaintiff's Hispanic origin. Nothing in the FAC suggests that Defendants treated Plaintiff differently because she is Hispanic or that her Hispanic origin had anything to do with the termination of her contract. To the contrary, the FAC alleges that Defendants terminated Plaintiff because of actions she took in connection with her work, including testimony Plaintiff provided in dependency hearings. Accordingly, the FAC does not state a section 1981 claim based on discrimination against Plaintiff.

Likewise, the FAC does not allege any facts that suggest a plausible section 1981 retaliation claim. As mentioned above, in *Humphries*, the Supreme Court held that section 1981 allows for retaliation claims based on complaints "about a violation of another person's *contract-related* 'right.'" 553 U.S. at 445 (*emphasis* added). The FAC alleges that Plaintiff "repeatedly objected to rampant discrimination against her and her clientele group [indigenous Indian groups (Mixtec) from Mexico] to the Defendants. . . ." [Doc. No. 10 at ¶ 90.] Yet, the FAC does not contain any factual allegations concerning what Plaintiff said and to whom, or, as stated above, of any facts that suggest a plausible claim of discrimination against either Plaintiff or her clients. Further, the FAC does not include any allegations about how any discrimination against Plaintiff's clients concerned their "contract-related" or section 1981 rights. *See generally Nassar*, 133 S. Ct. at 2530 (noting that "Congress' enactment of a broadly phrased antidiscrimination statute may signal a concomitant intent to ban retaliation against individuals who oppose *that discrimination*, even where the statute does not refer to retaliation in so many words") (*emphasis* added); *see also Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 562 (5th Cir. 2015) ("Section 1981 also prohibits retaliation against an individual who 'has tried to help a different individual, suffering direct racial discrimination, *secure his § 1981 rights*.'") (quoting *Humphries*, 553 U.S. at 452) (*emphasis* added). Rather, at most the FAC alleges that Plaintiff's complaints that resulted in retaliation concerned the familial rights of

Plaintiff's clients. Accordingly, the FAC does not state a claim for either discrimination or retaliation under section 1981.

### D. *Monell* Claims Against Entity Defendants

Following *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "it is well-settled that in claims brought under 42 U.S.C. § 1983, municipalities are liable only for constitutional violations resulting from an official 'policy or custom.'" *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1216 (9th Cir. 1996) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). This "policy or custom" requirement also applies to claims under 42 U.S.C. § 1981. *Id.* at 1215. "In sum, in *Monell* the Court held that 'a municipality cannot be held liable' solely for the acts of others, e.g., 'solely because it employs a tortfeasor.'" *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010) (quoting *Monell*, 436 U.S. at 691). Put differently, "a municipality sued under § 1983 is not subject to vicarious liability for the acts of its agents." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001).

Here, the FAC alleges that TERM has "an official written policy, called 'quality control,' that California licensed psychologists must allow TERM . . . to review all psychological reports so that it could compel all licensed therapists to change them, delete them, or alter opinions if County of San Diego social workers demanded it to be done, in order to knowingly mislead juvenile court judges . . . ." [Doc. No. 10 at ¶ 10.] The FAC does not, however, allege how this policy—allowing TERM to review psychologists' reports and compel changes in those reports—resulted in a violation of *Plaintiff's* constitutional rights, as required for a § 1983 claim, or resulted in discrimination against *Plaintiff* on account of her Hispanic origin, as required for her § 1981 claim. The FAC characterizes this policy as impinging only "familial rights" and the rights of foster parents in criminal and civil proceedings [*Id.* at ¶ 10], and elsewhere asserts that she is asserting her § 1983 claim for "violation of the constitutional rights of those entrusted to her." [*Id.* at ¶ 70.] As a result, the FAC fails to state section 1981 and 1983 claims against TERM, Optum, and the County for this reason as well.

## IV. State Law Claims

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010)) (quoting 28 U.S.C. § 1367(c)(3)). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (internal brackets and citation omitted). Here, the remaining claims in the FAC are based on California state law, and "primary responsibility for developing and applying state law rests with the state courts." *Neal v. E-Trade Bank*, No. CIV. S-11-0954 FCD, 2011 WL 3813158, at *4 (E.D. Cal. Aug. 26, 2011). Accordingly, having dismissed the federal claims, and in consideration of the early stage of these proceedings, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See generally Banayan v. OneWest Bank F.S.B.*, No. 11CV0092-LAB WVG, 2012 WL 896206, at *2 (S.D. Cal. Mar. 14, 2012) ("There is no alleged basis for diversity jurisdiction in this case, and the Court is well within its discretion to dismiss a case for lack of jurisdiction when all federal claims have been dismissed and only state law claims over which it has supplemental jurisdiction remain."); *Keen v. Am. Home Mortg. Servicing, Inc.*, No. CIV. S-09-1026 FCD/KJM, 2010 WL 624306, at *1 (E.D. Cal. Feb. 18, 2010) ("[W]hen federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.").

## V. Disposition

In light of the foregoing, it is hereby **ORDERED** as follows:

1. The County Defendants' motion to dismiss is **GRANTED**;
2. The TERM Defendants' motion to dismiss is **GRANTED** as to claims five, six, and seven;
3. Claims five, six, and seven are **DISMISSED WITHOUT PREJUDICE**;
4. The parties' motions to strike are **DENIED AS MOOT**;

5. Having dismissed the only federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims;

6. If Plaintiff intends to file an amended complaint that re-asserts some or all of the dismissed federal claims and attempts to remedy the defects articulated herein, Plaintiff shall file a notice with the Court stating that intention on or before **November 15, 2017**, and shall file the amended complaint itself on or before **November 28, 2017**; and

7. If Plaintiff does not file a notice with the Court by **November 15, 2017** stating her intention to file an amended complaint that re-asserts the dismissed federal claims, the Court will remand this case to state court.

It is **SO ORDERED**.

Dated: November 7, 2017

Hon. Cathy Ann Bencivengo
United States District Judge